**BARSHAY SANDERS, PLLC**
Craig B. Sanders
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@barshaysanders.com
*Attorneys for Plaintiff*
File No.: 121847

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| Carolyn Wohr, <br><br> Plaintiff, <br><br> v. <br><br> CharityUSA.Com LLC, <br><br> Defendant. | Case No: <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Carolyn Wohr ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against Defendant CharityUSA.Com LLC ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein provides photographic images and owns the rights to these photographs which Plaintiff licenses for various uses including online and print publications.

3. Plaintiff has obtained U.S. copyright registrations covering many of Plaintiff's photographs and many others are the subject of pending copyright applications.

4. Defendant owns and operates a website known as blog.theanimalrescuesite.greatergood.com (the "*Website*").

5. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's photographs on the Website and engaged in this

misconduct knowingly and in violation of the United States copyright laws.

**PARTIES**

6. Plaintiff Carolyn Wohr is an individual who is a citizen of the State of Texas and maintains a principal place of business at 715 Lakeland Road, Lake Dallas, Texas, 75065 in Denton County, Texas.

7. On information and belief, Defendant CharityUSA.Com LLC, is a Minnesota limited liability company with a principal place of business at 600 University St., Suite 100, Seattle, Washington 98101 in King County, Washington and is liable and responsible to Plaintiff based on the facts herein alleged.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over CharityUSA.Com LLC because it maintains its principal place of business in Washington.

10. Venue is proper under 28 U.S.C. §1391(a)(2) because CharityUSA.Com LLC does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

**FACTS COMMON TO ALL CLAIMS**

11. Plaintiff is a professional photographer by trade who is the legal and rightful owners of photographs which it licenses to online and print publications.

12. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

13. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

14. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

15. The Website is monetized in that it contains paid advertisements and, on information and belief, Defendant generates revenue from these activities.

16. On August 1, 2018 Plaintiff Carolyn Wohr authored a photograph of her dog, Baloo, running through an outdoor sprinkler ("Photograph 1"). A copy of Photograph 1 is attached hereto collectively as Exhibit 1.

17. Plaintiff applied to the USCO to register Photograph 1 on October 23, 2018 under Application No. 1-7066434833.

18. Photograph 1 was registered by USCO on October 23, 2018 under Registration No. VA 2-123-365.

19. On December 24, 2018, Plaintiff observed Photograph 1 on the Website. A copy of screengrab of the Website including Photograph 1 is attached hereto collectively as Exhibit 2.

20. The Photograph was displayed at URL: https://blog.theanimalrescuesite.greatergood.com/dog-drags-sprinkler/?utm_source=ggn-crosspost&utm_medium=social-fb&utm_content=link&utm_campaign=dog-drags-sprinkler&utm_term=3331703 and was stored at URL: https://d1dd4ethwnlwo2.cloudfront.net/wp-content/uploads/2018/08/dog-drags-sprinkler-3.jpg.

21. On August 1, 2018 Plaintiff Carolyn Wohr authored a photograph of her dog, Baloo, carrying an outdoor sprinkler ("Photograph 2"). A copy of Photograph 2 is attached hereto collectively as Exhibit 1.

22. Plaintiff applied to the USCO to register Photograph 2 on October 23, 2018 under Application No. 1-7066434833.

23. Photograph 2 was registered by USCO on October 23, 2018 under Registration No. VA 2-123-365.

24. On December 24, 2018, Plaintiff observed Photograph 2 on the Website. A copy of screengrab of the Website including Photograph 2 is attached hereto collectively as

PLAINTIFF'S COMPLAINT

Exhibit 2.

25. The Photograph was displayed at URL: https://blog.theanimalrescuesite.greatergood.com/dog-drags-sprinkler/?utm_source=ggn-crosspost&utm_medium=social-fb&utm_content=link&utm_campaign=dog-drags-sprinkler&utm_term=3331703 and was stored at URL: https://d1dd4ethwnlwo2.cloudfront.net/wp-content/uploads/2018/08/dog-drags-sprinkler-4.jpg.

26. On July 18, 2018 Plaintiff Carolyn Wohr authored a photograph of her dog, Baloo, using an outdoor sprinkler inside a home ("Photograph 3"). A copy of Photograph 3 is attached hereto collectively as Exhibit 1.

27. Plaintiff applied to the USCO to register Photograph 3 on August 13, 2018 under Application No. 1-6857820671.

28. Photograph 3 was registered by USCO on August 13, 2018 under Registration No. VA 2-116-086.

29. On December 24, 2018, Plaintiff observed Photograph 3 on the Website. A copy of screengrab of the Website including Photograph 3 is attached hereto collectively as Exhibit 2.

30. The Photograph was displayed at URL: https://blog.theanimalrescuesite.greatergood.com/dog-drags-sprinkler/?utm_source=ggn-crosspost&utm_medium=social-fb&utm_content=link&utm_campaign=dog-drags-sprinkler&utm_term=3331703 and was stored at URL: https://d1dd4ethwnlwo2.cloudfront.net/wp-content/uploads/2018/08/dog-drags-sprinkler-feature.jpg .

31. On August 1, 2018 Plaintiff Carolyn Wohr authored a photograph of her dog, Baloo, jumping over an outdoor sprinkler ("Photograph 4"). A copy of Photograph 4 is attached hereto collectively as Exhibit 1.

32. Plaintiff applied to the USCO to register Photograph 4 on October 23, 2018 under Application No. 1-7066434833.

33. Photograph 4 was registered by USCO on October 23, 2018 under Registration No. VA 2-123-365.

34. On December 24, 2018, Plaintiff observed Photograph 4 on the Website. A copy of screengrab of the Website including Photograph 4 is attached hereto collectively as Exhibit 2.

35. The Photograph was displayed at URL: https://blog.theanimalrescuesite.greatergood.com/dog-drags-sprinkler/?utm_source=ggn-crosspost&utm_medium=social-fb&utm_content=link&utm_campaign=dog-drags-sprinkler&utm_term=3331703 and was stored at URL: https://d1dd4ethwnlwo2.cloudfront.net/wp-content/uploads/2018/08/dog-drags-sprinkler-4.jpg .

36. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and displayed each of Plaintiff copyright protected photographs (hereinafter collectively referred to as "*Photographs*"), as set forth in Exhibit "1" which is annexed hereto and incorporated in its entirety herein, on the Website.

37. On information and belief, the Photographs were copied, stored and/or displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter singularly the "*Infringement*" and collectively the "*Infringements*").

38. Each Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.* 508 F.3d 1146, 1160 (9th Cir. 2007).

39. Each Infringement is an exact copy of the entirety of Plaintiff's original image that was directly copied and stored by Defendant on the Website.

40. On information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting,

commenting on and/or displaying images including but not limited to Plaintiff's Photographs.

41. On information and belief, Defendant directly contributes to the content posted on the Website by, inter alia, directly employing reporters, authors and edits as its agents, including but not limited to Andrea Powell who is described as an "author" on Defendant's website ( https://blog.theanimalrescuesite.greatergood.com/author/606239/)  ("Employees").

42. On information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringements.

43. On information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringements.

44. On information and belief, the Photographs were willfully and volitionally posted to the Website by Defendant.

45. On information and belief, Defendant is not registered with the United States Copyright Office pursuant to 17 U.S.C. §512.

46. On information and belief, the Infringement were not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

47. On information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

48. On information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

49. On information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Website.

50. On information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

PLAINTIFF'S COMPLAINT

51. On information and belief, Defendant monitors the content on its Website.

52. On information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

53. On information and belief, the Infringements increased traffic to the Website and, in turn, caused Defendant to realize an increase its advertising revenues and/or merchandise sales.

54. On information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Website.

55. On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

56. Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

57. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

### FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

58. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

59. The Photographs are original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

60. Plaintiff has not licensed Defendant the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the Copyrights to Defendant.

61. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

62. Defendant's reproduction of the Photographs and display of the Photographs on the Website constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural*

*Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

63. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

64. As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendants.

65. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

66. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

    a. finding that Defendants infringed Plaintiff's copyright interest in the Photograph by copying and displaying without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant in an amount

up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an award of actual damages or, in the alternative, statutory damages against each Defendant in an amount up to $25,000.00 for each falsification or removal of copyright management information pursuant to 17 U.S.C. § 1202;

d. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiff's works;

e. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

f. for pre judgment interest as permitted by law; and

g. for any other relief the Court deems just and proper.

DATED: June 8, 2021

**BARSHAY SANDERS, PLLC**

By: ___/s/ Craig B. Sanders___
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@barshaysanders.com
*Attorneys for Plaintiff*
File No.: 121847